■ ARISTOBULO OVIEDO, Appellant, v RUDIN MANAGEMENT Co., INC., et al., Respondents, et al., Defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On July 27, 1982, the plaintiff, a doorman employed by Rudin Management Co., Inc. at its building at 215 East 68th Street, was in an elevator with a guest of a tenant in the building where he worked. The guest thereupon sent a letter to Rudin Management Co., Inc., claiming that the plaintiff had sexually molested her in the elevator. An investigation was conducted and the plaintiff was offered a transfer to another building. When he refused, he was terminated from his employment. The plaintiff, a member of Local 32B-32J of the

Service Employees International Union, thereafter filed a grievance requesting a union arbitration hearing concerning the reason for his dismissal. At the hearing, Rudin Management Co., Inc. produced the complaining witness, thereby publishing her statement. The arbitrator found that the plaintiff had been discharged for just cause.

The plaintiff then commenced the instant action to recover damages for libel, claiming that the Rudin Management Co., Inc. and its codefendants maliciously published the complaining witness's statements at the union arbitration hearing, knowing them to be false. The case went to trial and the court dismissed the complaint at the close of the plaintiff's case. We affirm.

Where, as here, the plaintiff has instigated the publication of a statement he later alleges to be defamatory he may not be heard to complain and will be deemed to have consented to the publication (see, Turano v Board of Educ., 434 F Supp 1063; Restatement [Second] of Torts § 583). Accordingly, the complaint was properly dismissed.

We have examined the plaintiff's remaining contention and find it to be without merit. Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.